IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:16-CV-00062-BR

**Terry Lynn Butler,**

Plaintiff,

v.

**Order**

**Margaret Ann Ballard,**

Defendant.

Before the court is a motion to seal filed by Plaintiff, Tammy Lynn Butler, and two (2) proposed sealed documents. D.E. 30, 31, 32. Defendant opposes the motion. D.E. 33.

The first document Plaintiff proposes for sealing includes two photographs–one appears to be a naval aircraft carrier and the other, based on the annotation, appears to be the Plaintiff and Plaintiff's spouse. Also included in this submission for sealing is a picture of "The Hillbilly 10 Commandments." D.E. 30.

The second proposed document for sealing includes another copy of "The Hillbilly 10 Commandments" as well as a letter to Thomas Matthews dated April 24, 2016 and a separate notation "to resolve this matter on the private side." D.E. 31.

Defendant contends that Plaintiff has failed to comply with the requirements for submitting proposed sealed documents. See EDNC LR 79.2(b)(1) (" motion to seal shall be a public document and noted with a docket entry that gives the public notice of the request to seal [and] [t]he docket entry . . . shall . . . describe the type of document it is (e.g., affidavit, record) and the substantive motion or other specific proceedings in the case to which it relates[.]"; 79.2(d) (relating to manual filers requiring documents and the envelope to be labeled  labeled

"UNDER SEAL" and contain: "the case caption; the case number; the title of the document or, if the title contains proposed sealed information, the title omitting the proposed sealed information; and the following notice in all capital letters and otherwise prominently displayed: PROPOSED SEALED DOCUMENTS: SUBMITTED PURSUANT TO MOTION TO SEAL").

First, the present motion is deficient in that it lacks a Certificate of Service. *See* Fed. R. Civ. P. 5(b), (d); EDNC LR 5.1(e), (f). Plaintiff is reminded that future filings must be accompanied by a Certificate of Service.

The Court concludes that sealing is not warranted in this instance. Plaintiff has not filed a memorandum in support of the motion to seal, and the precise reason the requested submissions would be subject to sealing is unclear.

The Fourth Circuit has directed that, prior to sealing judicial records, a district court must first determine the source of the public's right to access the judicial records—the common law or the First Amendment. *Stone v. University of Maryland Medical Systems Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). If the common law right of access to judicial records applies, there is a presumption of public access to judicial records, which can only be rebutted if countervailing interests outweigh the public's interest in access. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historic event; and whether the public already had access to the information contained in the records.'" *Virginia Dept. of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). Where the First Amendment guarantees access to judicial records, such access may be denied

2

only on the basis of a compelling governmental interest or other higher value, and only if the denial is narrowly tailored to serve that interest or value. *See Stone*, 855 F.2d at 180; *see also Haas v. Golding Transp., Inc.*, No. 1:09-CV-1016, 2010 WL 1257990, *7 n.4 (M.D.N.C. March 26, 2010) (substituting "higher value" for "governmental interest" in the context of a civil case involving nongovernmental litigants).

Before granting a motion to seal, courts must first give the public notice and a reasonable opportunity to challenge the motion and then examine the public's right to access in conformity with governing precedent. *Stone*, 855 F.2d at 180–81. If a court finds that the public's right to access is outweighed by another significant interest, then the court must consider whether there are less drastic alternatives to sealing. *Id*.

Here, the proposed sealed documents do not appear to contain any sensitive or confidential information. The relevance of these documents to the underlying litigation is unclear. Plaintiff may seek to shield access of these filing from public view but has failed to offer any support for that position. Because the presumption of access outweighs any right to privacy of these filings, the Court cannot identify any basis to justify keeping these documents under seal. Accordingly, the motion to seal (D.E. 32) is DENIED.

Dated: November 7, 2016

Robert T. Numbers, II
United States Magistrate Judge

3