UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:16-CV-00062-BR

| | | |
|---|---|---|
| TERRY LYNN BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| MARGARET ANN BALLARD, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant Margaret Ann Ballard's 25 October 2016 motion to dismiss. (DE # 27.) On 3 November 2016, plaintiff filed a response entitled "Declaration In Support of Opposition to Motion [to] Dismiss," in which he requests the court grant him leave to amend his complaint. (DE # 36.) Defendant did not file a reply brief, and the time within which to do so has expired. This matter is therefore ripe for disposition.

I. BACKGROUND

On 16 August 2016, plaintiff brought this *pro se* action asserting a claim against defendant for "trespass [theft]." (DE # 1.) Plaintiff's complaint alleges that defendant is a "wrongdoer" who committed a "trespass[theft] of [his] property." (Id. at 1.) Plaintiff further claims "the commencement of the wrong and harm began on 02 January 2016," and continues to this day. (Id.) The complaint identifies defendant as a citizen of North Carolina, and states that plaintiff "reside[s] outside of North Carolina." (Id.) Plaintiff prays for damages in the amount of $168,000. (Id.)

On 6 September 2016, plaintiff filed an additional document entitled, "notice(s)," setting forth definitions of a number of terms used in his complaint, including:

- action: "a process where aggrieved party moves a court asserting wrong as grow out of contracts";

- property: "propriety, ownership, special character (one's own private property)";

- trespass: "transgression, infringe, violate, [enter] unlawfully";

- wrong: "twisted, crooked, that which is improper, negative of right";

- wrongdoer: "[wo]man who twists, violates, infringes, transgress(s) right(s)" (wrongdoer v. defendant)[.]

(DE # 7, at 1.) Plaintiff filed an additional "notice" on 11 October 2016. (DE # 22.) This notice defines a "private right of action" as "[a] challenge, of property or ownership of a thing which is wrongfully withheld from the possession of the claimant." (Id. at 1.) The document also states that "[a] claim is a right or title, actual or supposed, to a debt, privilege, or other thing in the possession of another; not the possession, but the means, by or through which the claimant obtains the possession or enjoyment." (Id.)

Additionally, on 14 October 2016, plaintiff filed a document entitled "Amend (ORDER)," which appears to serve as a proposed amended complaint. (DE # 24.) Thereafter, on 25 October 2016, defendant filed the instant motion to dismiss plaintiff's complaint. (DE # 27.)

## II. DISCUSSION

**A. Motion to Dismiss**

Defendant moves to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. "The purpose of a 12(b)(6) motion is to test the sufficiency of a complaint." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). When deciding a motion to dismiss under Rule 12(b)(6), a court

must accept all factual allegations in the complaint as true and construe them in the light most favorable to plaintiff. Nemet v. Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009). The facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555.

A *pro se* litigant's pleadings are to be construed liberally to ensure that valid claims do not fail merely for lack of legal specificity. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). When considering whether a *pro se* plaintiff can withstand a motion to dismiss, "it is appropriate to look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff." Garrett v. Elko, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. 1997) (citing Gordon, 574 F.2d at 1149-51). While *pro se* litigants are held to less stringent pleading standards than attorneys, this does not "undermine *Twombly*'s requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555). Thus, even a *pro se* complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Defendant argues that plaintiff's complaint must be dismissed for failure to plead any facts that would support a claim of trespass. In response to defendant's motion to dismiss,

plaintiff has submitted numerous materials and notices, in which he alleges additional information regarding his trespass claim. Given that plaintiff is a *pro se* litigant, the court will consider the additional allegations in these materials and notices in determining the motion to dismiss.

The additional materials filed by plaintiff indicate that this action concerns an agreement that plaintiff made with his stepfather, Thomas Boisseau Matthews, at some point in 2010. Plaintiff alleges that Matthews, "feared harm from [defendant] and offered to pay [plaintiff] agreed amount of property [cf.$168,000.00] for performance by [plaintiff] to move from TN to NC . . . to protect him from harm." (Pl.'s Resp., DE # 36, at 8; see also Correspondence, DE # 31, at 2.) Plaintiff claims that the sum of $168,000 represented the "full present (2009) value (PV) of the Butler family 1800SF ranch house of $164,500.00, plus of all of the moving expenses of $3,5000.00." (Ex. 1, DE # 29, at 4.) According to plaintiff, this agreement was documented in Matthews' will, (id. at 1), as well as a "letter of disinheritance" that was sent to defendant, (id.; see also Correspondence, DE # 31, at 2). Plaintiff further alleges that he waited until Matthews' passing on 2 January 2016, "to request [his] property ($168,000.00)" from defendant as "trustee" of Matthews' estate. (Pl.'s Resp., DE # 36, at 1.)

Even reading the allegations in plaintiff's materials broadly, plaintiff does not allege facts supporting a claim for trespass. In North Carolina, the elements of a claim for trespass are: (1) the plaintiff was in possession of the land at the time of the trespass; (2) the defendant made an unauthorized entry onto the land; and (3) the plaintiff was injured by the invasion of his possessory rights. Taha v. Thompson, 463 S.E.2d 553, 557 (N.C. Ct. App. 1995). To state a claim for trespass, a plaintiff is required to plead that defendant intentionally and without authorization "entered *real property* actually or constructively possessed by him at the time of

4

the entry." Miller v. Brooks, 472 S.E.2d 350, 355 (N.C. Ct. App. 1996) (emphasis added). In his materials, plaintiff repeatedly states that the property at issue is the $168,000 that Matthews promised to pay him if he moved to North Carolina. (See Ex. 1, DE # 29, at 4 (requesting that defendant "honor [his] covenant" with Matthews by paying him "the sum of $168,000.00"); Correspondence, DE # 31 at 2 (informing defendant that he "honored Mom and Tom's wishes, and waited until the passing of the last one to request my property ($168,000)".) Plaintiff has not plead any facts demonstrating that defendant made an unauthorized entry onto any land that he possesses. Accordingly, plaintiff has failed to allege the required elements for a trespass claim.

Although plaintiff characterizes his claim as one for trespass, it appears that his claim is one for trespass to chattels. "A successful action for trespass to chattels requires the party bringing the action to demonstrate that she had either actual or constructive possession of the personalty or goods in question at the time of the trespass, and that there was an unauthorized, unlawful interference or dispossession of the property." Fordham v. Eason, 521 S.E.2d 701, 704 (N.C. 1999) (internal citation omitted). Here, plaintiff claims that defendant committed a "theft" and "trespass on [his] property" by refusing to honor his agreement with Matthews and pay him $168,000. (Ex. 1, DE # 29, at 4.) According to plaintiff, his agreement with Matthews was subject to the condition precedent that plaintiff "come to Gates, NC to live with [his mother and Matthews] to protect them from harm by [defendant]." (Correspondence, DE # 31, at 2.) Plaintiff's complaint does not allege that he ever fulfilled this condition. In fact, the allegations in plaintiff's materials indicate that plaintiff is "a citizen of [Virginia]" who continues to "live in Tennessee." (Pl.'s Resp., DE # 36, at 9.) Thus, even taken as true, plaintiff's allegations do not show that he owned and was entitled to possess the property in question at the time of the trespass. See Fordham, 521 S.E.2d at 704 ("Constructive possession is a legal fiction existing

when there is no actual possession, but there is title granting an *immediate* right to actual possession." (emphasis added)). Accordingly, plaintiff's allegations in this case are insufficient to state a claim for trespass to chattels. Because has failed to plausibly allege a claim for either trespass or trespass to chattels, defendant's motion to dismiss will be granted.

**B. Motion to Amend**

In his response in opposition, plaintiff requests that should the court determine that "greater particularity is in order or that the present pleading falls short for some other reasons, [plaintiff] expressly request leave to replead" pursuant to Rule 15 of the Federal Rules of Civil Procedure. (DE # 36, at 4.) Rule 15(a) provides that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a district court may deny leave to amend if amending the complaint would be futile. Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008). Amendment of a complaint is futile if the complaint, as amended, would not withstand a motion to dismiss. U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008).

Included with the numerous materials that plaintiff has submitted is a document entitled "Amend (ORDER)," which appears to serve as a proposed amended complaint. (DE # 24.) The "Amend (ORDER)" includes additional allegations regarding plaintiff's trespass claim. In the document, plaintiff states that he "live[s] in Tennessee," and that he "gave no interest to his property to no other." (Id. at 2.) Plaintiff further claims that he "tr[ied] to settle the matter of controversy on the private side," and he now "requires immediate restoration of property post haste." (Id.) Even with the additional allegations contained in the proposed amended complaint, plaintiff still fails to set forth sufficient facts to support a claim for trespass or trespass to

chattels. Because amendment of the complaint would be futile, plaintiff's request to amend the complaint will be denied.

### III. CONCLUSION

For the reasons stated herein, defendant's motion to dismiss, (DE # 27), is GRANTED. Plaintiff's request for leave to amend the complaint, (DE #36), is DENIED. The Clerk is DIRECTED to enter judgment in favor of defendant and close this case.

This 1 August 2017.

_____
W. Earl Britt
Senior U.S. District Judge